# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ALLEN RODDY, | : | No. 4:18-CV-01710 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| RTI INTERNATIONAL, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### JANUARY 7, 2019

Defendant RTI International ("RTI") moved to dismiss Plaintiff Mark Allen Roddy's complaint, or alternatively, to transfer the case to the United States District Court for the Middle District of North Carolina. For the reasons that follow, that motion will be granted in part and denied in part.

**I. BACKGROUND**

Mr. Roddy executed an Employment Agreement with RTI that contained the following provision:

> 18. **CHOICE OF FORUM.** The Parties hereby agree that any and all disputes between them arising out of this Agreement and/or arising out of Employee's employment with RTI shall be brought exclusively in either a state court or federal court located in the State of North Carolina. The Parties agree that North Carolina state and federal courts are the appropriate and convenient forum and venue for any such disputes, and each of the Parties hereto hereby submits to the personal jurisdiction of North Carolina state and federal courts. The

foregoing shall not limit the rights of any party to obtain execution of judgment in any other jurisdiction.[1]

In August 2018, Mr. Roddy filed a nine-count complaint in the United States District Court for the Middle District of Pennsylvania alleging multiple violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*[2] Pursuant to the choice of forum provision in the Employment Agreement, RTI has moved to dismiss Mr. Roddy's complaint for failure to state a claim upon which relief can be granted, or alternatively, to transfer Mr. Roddy's case to the United States District Court for the Middle District of North Carolina. RTI also seeks reasonable attorneys' fees and costs incurred in connection with filing its motion.[3]

## II. DISCUSSION

### A. Whether this Case Should Be Dismissed or Transferred

A mandatory forum selection clause "identifies a particular state or court as having exclusive jurisdiction over disputes arising out of parties' contract and their contractual relationship."[4] Courts have repeatedly construed clauses resembling

---

[1] *See* Defendant Exhibit 1 (ECF No. 4-1) at 5; Plaintiff Exhibit C (ECF No. 5-1) at 5.

[2] *See* Complaint (ECF No. 1).

[3] *See* Motion to Dismiss (ECF No. 4).

[4] *See Frazetta v. Underwood Brooks*, No. 3:CV–08–0516, 2009 WL 959485, at *3-6 (M.D.Pa. Apr. 6, 2009).

that to which Mr. Roddy and RTI have ratified as mandatory.[5] Mr. Roddy makes no arguments that the language is either permissive or otherwise not mandatory. Given the language used in the clause—particularly the phrase "shall be brought exclusively in either a state court or federal court located in the State of North Carolina"—coupled with Mr. Roddy's lack of objection, I conclude that the forum selection clause is mandatory.

Courts routinely enforce forum selection clauses to honor the bargain struck by parties to an agreement.[6] Forum selection clauses are presumptively valid and enforceable unless the party opposing its enforcement can establish "(1) that [the clause] is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable."[7]

Mr. Roddy addresses none of these points, and instead confines his quarrel to two tangential arguments—both meritless. First, Mr. Roddy argues that RTI's present motion was not timely filed.[8] RTI waived service of Mr. Roddy's

---

[5] *Id*. (collecting cases in which courts have concluded that similarly worded clauses are mandatory).

[6] *See, e.g.*, *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir.1995) (explaining deference courts give to valid and enforceable forum selection clauses).

[7] *Coastal Steel Corp. v. Tilghman Wheenabrator Ltd.,* 709 F.2d 190, 202 (3d Cir. 1983).

[8] Brief in Opposition (ECF No. 7-1) at 1-2.

complaint on September 4, 2018.[9] Pursuant to Federal Rule of Civil Procedure 4(d)(3), RTI had 60 days from September 4 to respond to Mr. Roddy's complaint. Under Federal Rule of Civil Procedure 6(a)(1)(C), because the 60-day deadline ended on a Saturday, RTI had until Monday, November 5, 2018 to file its motion.[10] RTI filed the present motion on November 5, and accordingly, it is timely filed.

Second, Mr. Roddy argues that RTI, through its conduct, waived its objection to venue. Mr. Roddy states that he filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") prior to commencing the present action. RTI filed an answer to that complaint without objecting to venue or the Employment Agreement's choice of forum clause. According to Mr. Roddy, because of RTI's conduct in the PHRC proceeding, RTI waived its ability to contest venue or the enforceability of the Employment Agreement in the present federal action.[11]

Under Federal Rule of Civil Procedure 12(h), the defense of improper venue is waived "if it is neither made by motion under this rule nor included in a responsive pleading."[12] As our sister court, the United States District Court for the District of Delaware, has observed: "[I]t goes without saying, however, that the

---

[9]   Waiver of Service (ECF No. 6).

[10]  F.R.Civ.P. 6(a)(1)(C).

[11]  Brief in Opposition (ECF No. 7-1) at 2-3.

[12]  F.R.Civ.P. 12(h).

obligation to file a Rule 12 motion or a responsive pleading arises only *after* the complaint has been filed."[13] Here, RTI has not filed an answer to Mr. Roddy's complaint; RTI instead raised its objection to venue in its present motion to dismiss. Accordingly, RTI has not waived its objection to improper venue.

In sum, because the Employment Agreement contains a mandatory forum selection clause and Mr. Roddy has failed to rebut enforcement of the clause,[14] the Middle District of Pennsylvania is an improper venue for this action.[15] Rather than dismissing Mr. Roddy's case,[16] I will instead, in the interests of justice, transfer the case to the United States District Court for the Middle District of North Carolina.[17]

---

[13] *See Albright v. W.L. Gore & Associates*, No. 02–304–GMS, 2002 WL 1765340, at *3 (D.Del. July 31, 2001) (citing Fed.R.Civ.P. 12(a)) (noting that answer or responsive pleading must be filed "within 20 days *after*" the complaint has been served).

[14] *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir.1995) ("Where the forum selection clause is valid…the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum.").

[15] *See Frazetta v. Underwood Brooks*, No. 3:CV–08–0516, 2009 WL 959485, at *3-6 (M.D.Pa. Apr. 6, 2009).

[16] *See Salovaara v. Jackson Nat'l Life Ins. Co.,* 246 F.3d 289 (3d Cir. 2001) (explaining that dismissal under Rule 12(b)(6) "is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum").

[17] RTI identified the United States District Court for the Middle District of North Carolina as the appropriate transferee court and Mr. Roddy does not dispute proceeding in that particular venue. Additionally, while I effectuate transfer pursuant to 28 U.S.C. § 1406 because venue is improper in this Court, transfer would have been appropriate under 28 U.S.C. § 1404(a) had venue been proper both in this Court and in the transferee court. *See Jumara*, 55 F.3d at 880 (explaining that both 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406 can provide theoretical basis for transferring a case); *Salovaara*, 246 F.3d at 299 ("We acknowledge that, as a general matter, it makes better sense, when venue is proper but the parties have agreed upon

### B. Whether RTI Is Entitled to Attorneys' Fees

RTI seeks reasonable attorneys' fees and costs as a result of "[Mr.] Roddy's wrongful commencement of the instant action and unreasonable refusal to concur voluntarily in the relief requested herein."[18] Mr. Roddy contends that he acted "in good faith in raising the objection to transfer and had legal and practical support for its position."[19] Because this case will be transferred, I reserve the determination as to whether RTI is entitled to fees and costs for the United States District Court for the Middle District of North Carolina.[20]

## III. CONCLUSION

For the reasons discussed above, RTI's motion will be granted in part and denied in part. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss.").

[18] *See* Brief in Support (ECF No. 5) at 14.

[19] *See* Brief in Opposition (ECF No. 7-1) at 5.

[20] *See Applied Card Systems, Inc. v. Winthrop Resources Corp.*, No. Civ.A. 03–4104, 2003 WL 22351950, at *3 (E.D.Pa. Sept. 23, 2003) (reserving determination of fee award to transferee court).